[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a four count complaint by the plaintiff Edward Jazlowiecki (Jazlowiecki) against the defendant auto insurer Worcester Insurance Company (Worcester) alleging breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the provisions of the Unfair Trade Practices Act. C.G.S. § 38a-815, et seq.
The defendant Worcester Insurance Company filed a third-party complaint as to Allied Real Estate and Insurance, Inc. AKA The Allied Real Estate and Insurance Agency, Inc., the Allied Real Estate and Insurance Agency, Allied Insurance Center, Inc. (Allied) and Paul Levasseur (Levasseur) alleging breach of the terms of the agency/company agreement and seeking indemnification.
In its answer to the third-party complaint the third-party defendants, Allied and Levasseur counterclaimed against the plaintiff Edward Jazlowiecki alleging that Edward Jazlowiecki provided them with an incorrect vehicle identification number and that he had failed to inform them that the vehicle was a "grey" market vehicle and seeking indemnification.
The plaintiff Edward Jazlowiecki cross-complained against the third-party defendants, Allied and Levasseur alleging breach of contract and negligence. The facts are as follows. In 1985 plaintiff's father Henry Jazlowiecki bought a 1985 Mercedes Benz in Germany and had it shipped to Florida. From Florida Henry Jazlowiecki called his insurance agent Paul Levasseur to have the car insured. An identification number for the car to be insured was provided to Levasseur by Henry Jazlowiecki over the phone from Florida. Henry Jazlowiecki continued to pay the insurance on that car until he died in 1994 whereupon Henry Jazlowiecki called Levasseur, who was also his insurance agent, and asked that the father's car be added to his insurance since he, Edward, had become owner of his father's car under his father's will. The following year in September 1995 the plaintiff had his insurance agent Paul Levasseur reduce the coverage on the Mercedes Benz to just comprehensive and glass coverage. Later that year on CT Page 2309 November 22, 1995 Edward Jazlowiecki again called Paul Levasseur, this time asking that full coverage be restored to the Mercedes Benz as he was going to take it to Florida. Paul Levasseur told him on the phone that he would put a binder on it covering the car as of November 22, 1995. On November 25, 1995 the Mercedes Benz was involved in an accident. On November 25, 1995 or November 26, 1995. Paul Levasseur was notified of the accident. On November 25, 1995 Paul Levasseur processed the restored coverage request effective November 22, 1995.
The plaintiff was instructed by Levasseur to get estimates, which he did. The paperwork on the claim went into Worcester toward the latter part of December 1995. A telephone interview with Edward Jazlowiecki was conducted by a Worcester claims person. Shortly thereafter the plaintiff was asked by Worcester to give a statement under oath regarding the November 22, 1995 claim. The plaintiff did not make himself available. The instant lawsuit followed in April of 1996 no action having been taken by Worcester on plaintiff's claim.
At no time did Worcester say it would not pay the plaintiff's claim. There were however questions Worcester had about the car itself due to the fact that both the identification number and model of the Mercedes Benz Worcester was insuring and the Mercedes Benz for which the accident claim was being made, were different. There were questions Worcester had about ownership of the Mercedes Benz Worcester was insuring since Edward Jazlowiecki's name did not appear on the title to that car. Delinquent tax records for the Towns of Bristol and Simsbury on the Mercedes insured by Worcester did not list Edward Jazlowiecki as the owner of that vehicle. Over the phone with the Worcester representative the plaintiff had stated he was the owner of the Mercedes Benz insured by them. Under its coverage provisions the insured had the responsibility to provide a statement under oath if required to do so by Worcester.
Allied and Levasseur were authorized agents of Worcester. As its agents they agreed to comply with the provisions contained in the handbook Worcester gave to its agents and to abide by the conditions and restrictions specified in that handbook. In the instant case Levasseur had had a long standing association with the Jazlowieckis, both father and son, insuring not only cars, but commercial real estate and homes. Over much of this time, Levasseur ran his own agency. He subsequently sold out to Allied Real Estate and Insurance Co., but continued to work there as an CT Page 2310 agent and continued to handle the Jazlowiecki accounts.
Worcester's third-party indemnification claim is grounded on Allied's and Levasseur's failure to comply with its handbook in that insurance was written on a "grey" market car, i.e. a vehicle purchased overseas, when this was specifically prohibited and selling insurance to one who is not an owner of the vehicle.
Worcester has pled four special defenses: first, that the plaintiff does not own the Mercedes for which he has made claim; second, that the plaintiff had no insurable interest in the motor vehicle claimed to be damaged at the time of the alleged loss; third, that the loss claim is not covered under the general provisions of the policy as the plaintiff made fraudulent statements or engaged in fraudulent conduct in connection with the claimed loss: fourth, that the loss claimed by the plaintiff is not a covered loss under the general provisions of the policy in that no legal action against the company may be brought unless there has been full compliance with the terms of the policy. In this case the plaintiff refused to submit to and failed to provide a statement under oath as requested by Worcester in the investigation of plaintiff's claim.
The action which triggered Worcester's closer examination of the plaintiff's insurance claim was its being processed by Levasseur on November 25, 1995 or November 26, 1995 with an effective date of November 22, 1995 and the accident occurring between those dates on November 25, 1995.
Tracing back the insurance activity with the Mercedes, Worcester would find this Mercedes had been misidentified both as to the identification number, and model since the first insurance coverage was written on it in 1985. Whether this was intended or not is not known. What is known is that had the plaintiff's father, Henry Jazlowiecki, given the correct model of the Mercedes when he called Levasseur in 1985, the insurance premium would have been higher because it cost more to insure a Mercedes Benz model 380SE than it does to insure a model 190E. The correct identification number would have disclosed a "grey" market car. Nonetheless, Levasseur took the information given to him by Henry Jazlowiecki and wrote up coverage for the car.
At no time from 1985 through 1995 were either Henry Jazlowiecki or Edward Jazlowiecki title-holders to the Mercedes. During this period first Henry Jazlowiecki and then Edward CT Page 2311 Jazlowiecki insured the car through Levasseur. During this ten year period claims were paid on the Mercedes. During this ten year period no questions were raised as to the kind of Mercedes being insured or as to the ownership of the Mercedes. Levasseur had on numerous occasions seen the car, ridden in it, knew it to be among the stable of cars he was regularly writing up insurance for both father and son. There was no question that the Mercedes involved in the November 1995 accident was the same car for which Levasseur had placed the November 22, 1995 binder augmenting coverage.
Under the facts of this case can Worcester withhold the processing of plaintiff's claim until the plaintiff gives Worcester a statement under oath. We think not. In this case Worcester had all the information it needed from its own records to make a determination as to wether or not the claim should be paid. If Worcester determined that not being the title-holder precluded payment to Jazlowiecki they could have paid the title holder. The fact that the car was misidentified both as to the identification number and model back in 1985 and continued that way on the records of Worcester's agent cannot be laid to Edward Jazlowiecki. Nor were any standards testified to as to what if anything an insurance agent should do to make sure he has properly identified by identification number and model the car he is writing insurance for. Nor is it clear that only the title-holder can exercise ownership rights over a car. Worcester's requirement is that insurance be sold to the owner of the car. There is no reference to that person having to be the title-holder.
Having concluded that Worcester should have processed the plaintiff's claim, Worcester cannot prevail on its fourth special defense that the bringing of the instant action violated the term of the policy specifically prohibiting legal action where there is not full compliance with the terms of the policy. In this case Worcester let four months go by with no articulation of its position as to the claim i.e. to pay or not to pay. Once it was clear that the plaintiff did not intend to give a statement under oath having already given a statement over the phone, Worcester should have come to a decision and advised the plaintiff of it. Worcester did nothing. Worcester's inaction cannot preclude its insured from pursuing his claim in a court of law.
Upon reporting the accident the plaintiff was asked by Levasseur to get an estimate of the damage to the vehicle and to send it to him. This the plaintiff did. Subsequently Worcester CT Page 2312 did its own appraisal on February 29, 1996. Worcester's appraisal with its figure of $5936.97 for repairs, was introduced into evidence by the plaintiff In the interim, on February 23, 1996 the Mercedes was sold by the plaintiff to one Joseph McDermott for $4750. The plaintiff had expended $700 for mechanical work which was limited to getting the car to run. In addition a storage fee for the vehicle of $100 was incurred.
Having concluded that the Mercedes should have been repaired the court awards the plaintiff damages in the amount of $5936 plus $100 cost of storage for a total of $6036.97 against the Worcester Insurance Company.
Worcester's third-party complaint against Allied and Levasseur sounds in negligence and seeks indemnification. As this court stated earlier, no evidence was presented as to what an agent is required to do to insure that he gets correct information on a vehicle before he writes insurance on it. No industry standards have been pointed to which would preclude getting the identifying information and model from the applicant as Levasseur did. The insurance which Levasseur wrote up in 1985 was consistent with the information given him by Henry Jazlowiecki in 1985. When the plaintiff asked to have the Mercedes covered under his insurance following the death of his father, Levasseur, having been told that plaintiff's father had left the car to the plaintiff, added the Mercedes to plaintiff's insurance using the identification number and model information which were of record from the time plaintiffs father had secured coverage on the Mercedes in 1985.
There was no evidence that the procedure followed by Levasseur violated Worcester's handbook or industry standards. Accordingly this court concludes that the third-party plaintiff has not established by a preponderance of the evidence that the third-party defendants Allied Real estate and Insurance Co., Inc. and Paul Levasseur violated the terms of the agency/company agreement as spelled out in Worcester's handbook. Based on the information allied and Levasseur had from their insured the coverage on the Mercedes did not violate Worcester's coverage guidelines. Nor, has Worcester proved its negligence claim against allied and Levasseur, there being no evidence provided that the procedure followed in identifying the car to be insured violated any documented procedures of Worcester or any standards of the insurance industry. CT Page 2313
Judgment may enter on the third-party complaint in favor of the third-party defendants Allied Real Estate and Insurance Co., Inc., AKA The Allied Real Estate and Insurance Agency, lnc., The Allied Real Estate and Insurance Agency, Allied Insurance Center, Inc. and Paul Levasseur.
At the close of the plaintiff's case the court granted Worcester's Motion to Dismiss counts two, three and four of the complain. Also at the close of plaintiff's case the court granted the Motion to Dismiss by Allied Real Estate and Insurance Co., Inc., as to the cross-complaint of Edward Jazlowiecki against Allied Real Estate and Insurance Co., Inc.,
Finally, as to the counterclaim of Allied Real Estate and Insurance Co. against Jazlowiecki the court finds the claim of negligent misrepresentation was not proved. Accordingly, the counterclaim is dismissed.
Hennessey, J.